*W. O. Smith,* for plaintiff.
*W. R. Castle,* for defendant.
Honolulu, April 25th, 1888.

---

W. O. SMITH, Assignee of A. F. Cooke, Bankrupt, vs.
CASTLE & COOKE.

REPLEVIN. BEFORE JUDD, C.J.

APRIL, 1888.

Pledging of certificates of stock as collateral security, made by a mere delivery of certificates, without endorsement or transfer, vests only an equitable title in pledgee: the legal title remains in pledgor, and passes to his assignee in bankruptcy.

DECISION OF JUDD, C.J.

This is an action of replevin to recover possession of ten shares of stock of the Haiku Sugar Company (incorporated), certificates numbered from 437 to 444 inclusive, and 100 shares of stock of the Pacific Navigation Company (incorporated).

I find the facts of the case to be substantially as follows:

The plaintiff is the duly qualified assignee of A. F. Cooke, a bankrupt, and defendants are in possession of the stock in question. Mr. Cooke had been for several years carrying on a freighting business with schooners. Others were interested with him in the ownership of the vessels, and later on he procured a charter of incorporation for his business, it being named as the "Pacific Navigation Company." The charter is dated 14th of November, 1883, and Mr. Cooke was elected president, he being the principal shareholder. He had been in the habit of obtaining supplies of goods, and of borrowing money from defendants with which to carry on this business, and this was continued after the charter was obtained, until on or about October 1st, 1885, the indebtedness amounted to over $12,000. At this date defendants asked Cooke for security, as the account was so large, and defendant gave four notes of the Pacific Navigation Company, signed by himself as president, also signed by the secretary, for $3000 each, payable in six, twelve, eighteen and twenty-four months, at nine per cent. interest, and indorsed them personally. Defendants demanding further security, Mr. Cooke pledged 100 shares of his own in the Pacific Navigation Company, indorsed them over to defendants, and had the transfer noted on the stock register of the corporation. This was not deemed ample to secure defendants, and Cooke then, as Mr. Atherton (of defendants' firm) testified, "proposed giving us ten shares of Haiku stock, we to hold them until debt was paid. I consented, dividends to be credited on notes. We had not taken security before this. I simply took the shares with the notes and put them in our safe." The Haiku stock was not indorsed by Cooke, and no transfer was noted on the books of the Haiku Sugar Company.

The notes and the certificates of stock were placed in an envelope with the following written upon it by Mr. Cooke: "100 shares Pac. Nav. Co., cert. No. 4; 10 shares Haiku S. Co., stock cert. Nos. 436 to 445. The above certificates of stock, belonging to A. F. Cooke, passed over to Castle & Cooke for security of $12,000 of Pac. Nav. Co., four notes $3000 each,

October 1st, 1885, 6, 12, 18 and 24." The envelope, with its inclosures, was delivered to Mr. Atherton.

None of the notes were paid at maturity. The accruing dividends on the Haiku Sugar Company stock were collected by Castle & Cooke (who were also the agents of the Haiku Sugar Company) and by them credited on the first note, and this was communicated to Cooke from time to time. There was no definite demand made upon Cooke as indorser. There was considerable testimony introduced tending to show that demand was in effect waived, but I do not consider that it is material to the issue to inquire whether Cooke can now be legally held as indorser. The issue is whether the assignee in bankruptcy is legally entitled to the possession of the stock, or whether the defendants can hold it.

The stock in the two companies was not delivered as collateral security to Mr. Cooke's indorsement, but was intended as independent security.

No question is made on the right of defendants to hold the stock in the Pacific Navigation Company.

They acquired title to it, as pledges to secure the notes, by indorsement and delivery of the certificate in the method pointed out by the statute, *i.e.*, Section 1433 of the Civil Code. This statute is as follows: "Whenever the capital stock of any corporation is divided into shares, and the certificates thereof are issued, transfer of the shares may be made by indorsement and delivery of the certificate. The indorsee shall be entitled to a new certificate upon surrendering the old one, and no such transfer shall be valid except between the parties thereto, until such new certificate shall have been obtained, or the transfer shall have been recorded on the books of the corporation, so as to show the date of the transfer, the parties thereto, their places of abode, and the number and description of the shares transferred."

The Haiku stock was not indorsed over by Cooke, nor was the transfer recorded on the books of the Haiku Sugar Company, as it could not have been unless indorsed.

By all the authorities, the use of these certificates of stock as collateral security, made by a mere delivery of the certificates, vested in the defendants as pledgees an equitable title only. Colebrooke on Collateral Sec., 276; *Nesbit vs. Macon Bank,* 12 Fed. R., 686; *Wilson vs. Little,* 2 N. Y., 443; *Newton vs. Fay,* 10 Allen, 505.

The legal title still remained in the pledgor, and this passed to the assignee in bankruptcy, and he is entitled to the possession of the certificates.

The plaintiff contends that only a special or limited pledge of the dividends, and not of the stock itself, was accomplished in respect to the Haiku stock; but it is not necessary to consider further the nature of the pledge, if any was accomplished, as a court of law cannot deal with the equitable claim of defendants.

Judgment for plaintiff for the certificates of stock in the Haiku Sugar Company, as claimed, and for the defendants for the Pacific Navigation Company's stock.

*W. O. Smith,* in person.

*W. R. Castle,* for defendants.

Honolulu, April 26, 1888.